UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | NO. 1:17MJ-678 <br><br> **Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, a business located in Mountain View, California, to disclose certain records and other information pertaining to the email account(s) RICHSNOBENT@GMAIL.COM, SHAWNCARTER60@GMAIL.COM, and BRANDONTHOMAS60@GMAIL.COM, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating passport fraud. The investigation concerns possible violations of, inter alia, 18 U.S.C. § 1542.

5. On February 24, 2015, a passport application was submitted in Milford, Ohio under the name Brandon Jordan Thomas. The applicant listed his email address as BRANDONTHOMAS60@GMAIL.COM. On September 14, 2016, a passport application was submitted in Mount Washington, Ohio under the name Fred Aundraus Gaston III. The applicant listed his email address as RICHSNOBENT@GMAIL.COM. The two passport applications appear to have been submitted by the same person. The photos associated with the two applications appear to depict the same person. The same date of birth is listed on both applications. The same address, 8312 Wooster Pike, Apartment 2, Cincinnati, is listed on both applications. The employer "RichSnobEnt" is listed on both applications.

6. At the time the passport applications were submitted, the renter at 8312 Wooster Pike, Apartment 2, Cincinnati was Robin Roberson-Ligon. She has since moved; her current

address is 2544 Spindlehill Drive, Apartment 5, Cincinnati. On August 29, 2017, two federal investigators went to this address. The man who answered the door appeared to be the man in the photographs for both passport applications under investigation. The man was also wearing a Rich Snob Entertainment t-shirt, the same company identified as the place of employment on both passport applications. The man told the investigators that his email address was SHAWNCARTER60@GMAIL.COM.

## REQUEST FOR ORDER

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

8. The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may

alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers

9. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

/s/ Timothy Landry
Special Assistant U.S. Attorney
State Bar # 669554 (Mass.)
221 E. Fourth St., Suite 400
Cincinnati, OH 45202
Timothy.Landry@usdoj.gov
513-684-3711